UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN BOURELL, | CASE NO. 1:14-cv-02802 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | <u>OPINION AND ORDER</u> |
| BIRCH HILL COURT HOMEOWNERS ASSN. INC., et al., | |
| Defendants. | |

On April 14, 2016, Karen Bourell, *pro se*, faxed to the Court a Letter clearly indicating she wished to withdraw her case with prejudice.  Pl.'s Second Letter, Doc #: 41.  On April 15, Plaintiff called the Court again stating that she wanted to close her case and asking if there was a form she needed to file.  Accordingly, the Court construes Plaintiff's Second Letter, Doc #: 41, as a Motion for Voluntary Dismissal, and grants Plaintiff's request to dismiss her case with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  As discussed below, the Court considers dismissal of this case with prejudice proper.

**I.    Background**

On December 19, 2014, Plaintiff Karen Bourell ("Plaintiff") filed the above-captioned

case against Birch Hill Court Homeowners Association, Inc., M2 Management Group, LLC, Ott & Associates, Co., LPA, and several other parties in their individual capacities (collectively, "Defendants"). Am. Compl., Doc #: 25. In the First Amended Complaint, Plaintiff sought "damages and redress for having been discriminated against on the basis of her disability by the homeowners association associated with her condominium development, by its officers, and by various persons and entities in active concert with them." *Id.* ¶ 1. Plaintiff also alleged that Defendants "both failed to provide such reasonable accommodations to the Plaintiff as were required by law, and actively combined to deny her the rights and benefits of ownership in her own home, through a series of actions and inactions which treated here differently, and less favorably, than other, non-disabled residents." *Id.* ¶ 2.

## II.    Case History

This case has a lengthy procedural history, including several attempts at settlement negotiations, teleconferences, and changes of counsel. The Court finds it appropriate to describe this background in some detail.

After Plaintiff filed her original Complaint, during a teleconference held on January 27, 2015, the Court directed the parties to engage in serious settlement discussions. *See* January 27, 2015, Minutes of Proceedings. The Court also scheduled a Case Management Conference. *Id.* On February 27, 2015, counsel for both sides agreed to engage in initial discovery, including exchanging initial disclosures and relevant documents. *See* February 27, 2015, Minutes of Proceedings. The Court held a Case Management Conference on April 21, 2015, and set deadlines for discovery and dispositive motions. Case Mgmt. Plan, Doc #: 20.

On June 19, 2015, Plaintiff's counsel of record—David H. Brown and Nicholas A.

Panagopoulos II—moved to withdraw as Plaintiff's attorneys.  Mot. to Withdraw as Counsel, Doc #: 21.  In their Motion to Withdraw, Attorneys Brown and Panagopoulos stated that they had "difficulty reconciling differences regarding strategy and case management." *Id.* at 1.  The Motion stated that withdrawal was "proper in this case based on the strategic and case management disagreements that have severely impeded counsel's ability to effectively represent Ms. Bourell." *Id.*  On June 22, 2015, the Court granted the Motion to Withdraw and allotted time for Plaintiff to retain new counsel.

On September 3, 2015, the Court held a teleconference with counsel, including Plaintiff's new counsel of record, attorneys Raymond V. Vasvari, Jr. and K. Ann Zimmerman.  Notice of Appearance, Doc #: 23.  The parties again agreed to make all attempts to settle the matter and file a notice of resolution with the Court by October 2, 2015.  *See* September 3, 2015, Minutes of Proceedings.  Absent such a resolution, Plaintiff agreed to file a streamlined amended complaint by the same date.  *Id.*

On October 2, 2015, Plaintiff filed a First Amended Complaint.  First Am. Compl., Doc #: 25.  Plaintiff also filed a Stipulated Motion to Dismiss Certain Defendants, Doc. #: 26, which the Court granted on October 13, 2015.  The Court held two teleconferences in November 2015, discussing ongoing settlement negotiations and preliminary discovery.  Plaintiff also received a discovery extension.  *See* December 28, 2015, Minutes of Proceedings.  On January 5, 2016, with no settlement having been reached and only the initial exchange of documents, Plaintiff's counsel once again moved to withdraw. In their Motion to Withdraw, Attorneys Vasvari and Zimmerman stated that the general basis for withdrawal was "that the Plaintiff ha[d] made rendering effective representation exceptionally, and unreasonably difficult, if even possible,

-3-

through various actions and inactions over the last two months." Mot. for Leave to Withdraw as Counsel, Doc #: 31. The Motion went on to describe Plaintiff's difficult behavior:

- Plaintiff has informed counsel that "her doctors no longer want her to work" with counsel, though this has not been independently verified with the doctors;

- Plaintiff has informed counsel that she has obtained successor counsel, but has not identified successor counsel, despite requests that she do so;

- Plaintiff has instructed counsel not to attend the telephonic case management conference set for January 5, 2016;

- Plaintiff has instructed counsel not to negotiate on her behalf during that conference;

- Plaintiff has informed counsel that "her doctors have found" replacement counsel;

- Plaintiff has stated that counsel "no longer needs to be involved" in her case.

*Id.* at 1–2. The Court granted the Motion to Withdraw on January 5, 2016. Minutes and Order, Doc #: 32.

In addition to granting the Motion to Withdraw, the Court ordered Plaintiff to file with the Court, by January 22, 2016, a response showing cause why the case should not be dismissed for failure to prosecute. *Id.* The Court noted that the case had been pending "for more than a year, tying up the Court's and defendants' resources." *Id.* at 2. The Court also noted that

Plaintiff was either unwilling or unable to cooperate with counsel, as evidenced by the various changes of counsel in this case. *Id.* Finally, based on the Court's dealings with Plaintiff and the representations of counsel, the Court observed, "Plaintiff may not be mentally competent and is clearly not able to represent herself." *Id.*; *see also* Mot. to Excuse Appearance of Pl. at Case Mgmt. Conference, Doc #: 18.

On January 20, 2016, Plaintiff's third retained counsel in this case, Attorney Kristopher B. Immel, filed a Notice of Appearance. Notice of Appearance, Doc #: 33. Plaintiff then filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Pl.'s Mot. to Dismiss, Doc #: 34. In the Motion to Dismiss, Plaintiff sought to voluntarily dismiss her Complaint without prejudice to allow Attorney Immel adequate time to review all facts and documents. *Id.* at 1. On January 29, 2016, Defendants filed a Brief in Opposition to Plaintiff's Motion to Dismiss Without Prejudice. Def.'s Br. in Opp., Doc #: 35. Defendants argued that the case should be dismissed *with* prejudice for a number of reasons. Defendants asserted that this was "actually Plaintiff's *second lawsuit* articulating these claims against virtually all of the same various Defendants." *Id.* at 3 (emphasis in original). Court documents establish that, "on or about August 30, 2013, Plaintiff filed a *pro se* Complaint in the Medina Municipal Court alleging the same claims involved in the current litigation." *Id.* Ultimately, that case was dismissed without prejudice to allow for a single re-filing. *Id.* Defendants also noted Plaintiff's various changes of counsel in this case. *Id.*

In an impromptu teleconference held on January 29, 2016, the Court granted Attorney Immel thirty days to "get up to speed and discuss resolving the case with defense counsel." *See* February 1, 2016, Minutes of Proceedings. Based on discussions during the teleconference, Plaintiff agreed to voluntarily withdraw the Motion to Dismiss, as Attorney Immel had not been

aware of the previous Medina Municipal Court dismissal when he filed the Motion. *Id.*

Less than two months later, Attorney Immel filed a Motion to Withdraw as Counsel. Mot. to Withdraw, Doc #: 37. Similar to the previous Motions to Withdraw in this case, Attorney Immel cited "differences regarding the strategy and case management." *Id.* at 1. The Court held a scheduled teleconference on March 1, 2016. *See* Teleconference Minutes, Doc #: 38. The parties discussed Attorney Immel's Motion to Withdraw. *Id.* Based upon statements by Ms. Bourell, herself, during the teleconference, the Court suggested some settlement terms and directed the parties to notify the Court no later than March 15, 2016, as to whether the matter was settled. *Id.* at 2. The Court also gave Attorney Immel leave to withdraw after March 15, 2016. In its Order, the Court clearly stated, "As this will be the third set of attorneys for Plaintiff who have withdrawn from the case, the case will be dismissed with prejudice for want of prosecution if Plaintiff elects not to settle the case on these terms." *Id.*

On March 18, 2016, Plaintiff's counsel notified the Court that the parties had settled the matter and were executing a settlement agreement. *See* April 8, 2016, Minutes of Proceedings. However, during a counsel-initiated teleconference held on April 8, 2016, Attorney Immel stated that Plaintiff was seeking changes in the proposed settlement. *Id.* The Court gave the parties until noon on April 15, 2016, to file an executed settlement agreement. *Id.* If the parties failed to do so, the Court stated that the case would be dismissed with prejudice. *Id.*

On April 12, 2016, the Court received a Letter from Plaintiff. Pl.'s Letter, Doc #: 39. Although the Letter was not entirely clear in its purpose, the Court attempted to construe this *pro se* filing fairly and liberally. The Court understood the Letter to make three specific requests: (1) the removal of her attorney, (2) a proposed settlement agreement, and (3) a request to withdraw

the Amended Complaint. *See* Order, Doc #: 40. The Court granted Plaintiff's request to remove Attorney Immel, who had previously filed a Motion to Withdraw in this case. *Id.* at 2. However, the Court denied Plaintiff's other two requests. First, the Court noted that the attached "settlement agreement" was neither an "agreement" nor "executed," as it was clear that the Defendants had not signed the document. *Id.* The Court reiterated that the parties had until noon on April 15, 2016, to submit an *executed* agreement, or the case would be dismissed with prejudice. *Id.*

Second, the Court was unwilling to consider Plaintiff's request to dismiss the Amended Complaint, as it was unclear, given the context of Plaintiff's Letter, that she understood what she was asking for with this statement. *Id.* Based on the Court's dealings with Plaintiff and the representations of her various attorneys in this case, it is apparent that Plaintiff has significant physical and mental challenges. In fact, Plaintiff's Letter plainly states that she has had trouble understanding the nature of this case and "cannot take responsibility for things [she] cannot comprehend." Pl.'s Letter 1. Thus, out of caution, the Court directed that if Plaintiff wished to move to dismiss the Amended Complaint, she must do so "knowingly and clearly," before the April 15, 2016, noon deadline. Order 3, Doc #: 40.

On April 14, 2016 (filed April 15), Plaintiff faxed to the Court a Second Letter (accompanied by a phone call on April 15) that clearly expressed Plaintiff's desire to dismiss the case with prejudice. Doc #: 41.

## III.    Discussion

Even absent Plaintiff's clear request for dismissal, the Court would be inclined to dismiss the above-captioned case with prejudice for failure to prosecute for several reasons.

First, as the Court has previously observed, it is clear that Plaintiff does not have the ability to prosecute this case *pro se*, and she has never sought to do so. Plaintiff has now gone through three sets of attorneys in the sixteen months this case has been pending, all of whom cited similar justifications for their later withdrawal as counsel. *See, e.g.*, Mot. to Withdraw as Counsel, Doc #: 21; Mot. for Leave to Withdraw as Counsel, Doc #: 31; Mot. to Withdraw, Doc #: 37. A common theme among these motions was Plaintiff's inability or unwillingness to cooperate with case management plans or engage in settlement negotiations. *Id.* As a result, Plaintiff's case has not progressed after over one year of litigation.

Moreover, Plaintiff has herself indicated that she is unable to prosecute this case *pro se*. *See* Pl.'s Letter 1 (discussing Plaintiff's brain disorder and lack of understanding due to her disability); *see also* Mot. to Excuse Pl. From Attending Case Mgmt. Conf., Doc #:18 (noting that Plaintiff "has enough insight to recognize that her direct participation in the back and forth of settlement discussions will substantially exacerbate her symptoms").

Second, after sixteen months of litigation, Plaintiff has failed to advance the instant case through motion practice, settlement negotiations, or discovery. Plaintiff's former attorneys noted Plaintiff's difficulty to cooperate with case management plans. *See, e.g.*, Mot. to Withdraw as Counsel, Doc #: 21; Mot. for Leave to Withdraw as Counsel, Doc #: 31; Mot. to Withdraw, Doc #: 37. Plaintiff has also not cooperated with her attorneys' efforts to resolve this case. Furthermore, beyond the initial exchange of documents, Plaintiff has not fulfilled requests for discovery in this case—in spite of the Court having granted several extensions to do so.

Finally, the Court has given Plaintiff ample opportunity to prosecute the instant case. The Court issued a show cause Order on January 5, 2016, notifying Plaintiff that her failure to

prosecute this case could lead to dismissal. Order, Doc #: 32. In addition, the Court granted various extensions to allow Plaintiff the time and opportunity to fulfill discovery obligations and discuss settlement options. *See* December 28, 2015, Minutes of Proceedings; March 1, 2016, Minutes of Proceedings; April 8, 2016, Minutes of Proceedings. Plaintiff has clearly been warned that her failure to prosecute would result in dismissal with prejudice. Order, Doc #:32 ("Accordingly, Plaintiff is ordered to file with the Court, by Friday, January 22, 2016, a response showing cause why this case should not be dismissed for failure to prosecute. Failure to do so will result in the dismissal of this case"); April 8, 2016, Minutes of Proceedings ("Following the discussion, the Court gave the parties until noon on April 15, 2016, to file with the Court an executed agreement based on the March 1, 2016, terms or the case will be dismissed with prejudice").

Ultimately, Plaintiff has had sixteen months to prosecute her case, has not done so, and appears unlikely to be able to do so. Therefore, the Court believes dismissal of the case with prejudice is appropriate.

**IV.     Conclusion**

Pursuant to Fed R. Civ. P. 41(a)(2), Plaintiff's Second Letter, Doc #: 41, construed as a Motion for Voluntary Dismissal, is GRANTED and the above-captioned case dismissed with prejudice.

**IT IS SO ORDERED.**

> */s/ Dan A. Polster     Apr. 18, 2016*
> **DAN AARON POLSTER**
> **UNITED STATES DISTRICT JUDGE**